IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REGINALD DONEY THOMPSON          §
(TDCJ No. 1897562),              §
                                 §
          Petitioner,            §
                                 §
V.                               §          No. 3:15-cv-2246-L-BN
                                 §
LORIE DAVIS, Director            §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,[1]  §
                                 §
          Respondent.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Reginald Doney Thompson, proceeding *pro se*, has filed an application

for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons explained below,

the application should be denied because the habeas claims that Thompson raises,

although not exhausted in state court, are not cognizable.

**Applicable Background**

Imprisoned as a result of five convictions in Dallas County, Texas in November

2013 – one for aggravated assault with a deadly weapon, two for possession of a

firearm by a felon, and two for drug possession, *see State v. Thompson*, Nos. F07-24608-

L, F11-61783-L, F11-61784-L, F13-57590-L, & F13-57591-L (Crim. Dist. Ct. No. 5,

---

[1] Lorie Davis has succeeded William Stephens as Director of the Texas
Department of Criminal Justice, Correctional Institutions Division, and, as his
successor, she is "automatically substituted as a party." FED. R. CIV. P. 25(d).

Dallas Cty., Tex.) – Thompson now challenges at least some of those convictions through two habeas claims asserting that his Fourth Amendment rights were violated in the state proceedings. Thompson's convictions and sentences were affirmed on direct appeal. *See Thompson v. State*, Nos. 05-14-00139-CR, 05-14-00140-CR, 05-14-00141-CR, 05-14-00142-CR, 05-14-00143-CR, 2014 WL 7399300 (Tex. App. – Dallas Dec. 5, 2014, pets. ref'd). And, prior to filing this action, Thompson had not properly exhausted habeas relief in the state courts. *See Ex parte Thompson*, WR-84,607-01 (Tex. Crim. App. Apr. 6, 2016) (petition denied without written order).

## Legal Standards and Analysis

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110

(5th Cir. 1986).

But, as implied in *Nickelson*, "[t]his requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988). And, as provided by the statute itself, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

The sole claims that Thompson raises in his federal habeas application are that the State lacked probable cause to enter and search his home and that the trial court erred in its denial of his motion to suppress. *See* Dkt. No. 3 at 6. Thompson raised substantially the same issues on direct appeal, and the Dallas Court of Appeals provided the following analysis:

> In cause numbers F13-57590 (unlawful possession of firearm by a felon) and F13-57591 (possession of more than one gram, but less than four grams of cocaine) appellant raises an issue complaining of the trial court's denial of his motion to suppress. Specifically, appellant argues the trial court erred by finding the officers had a reasonable belief there might be someone inside the apartment needing aid, thereby justifying the warrantless entry into the apartment.
>
> In its written findings of fact, the trial court found the following. On July 3, 2013, Dallas police officers received a dispatch regarding shots fired at apartment 518 at 520 West Page Avenue in Dallas, Texas. The caller told dispatch a heavy-set black male with braided hair carrying a shotgun or pump style gun had entered his apartment, unit 518. The caller also reported hearing gunshots fired inside the apartment.
>
> Officers went to the apartment complex and knocked on the door of unit 518. No one answered immediately. Shortly after their arrival, officers

encountered a woman approaching the door to unit 518 who indicated she knew the occupant. She also knocked on the door and attempted to get the occupant to answer. After a couple of minutes, a heavy-set black male with braided hair, later identified as appellant, opened the door. He matched the caller's description and stood in the doorway blocking the officer's view into the apartment. One of the officers advised appellant why they were and asked to enter the apartment. When appellant attempted to close the door, officers pushed it open and entered the apartment. One of the officers testified that they entered the apartment to ensure no one was injured, to determine if anyone was in need of assistance, to investigate or prevent a dangerous situation, or to protect someone who might be in the apartment. After entering the apartment, officers observed a handgun, marijuana, and cocaine in plain view.

The trial court found that, based on the facts known at the time, the officers reasonably believed someone inside the residence could be in need of immediate aid and they needed to act to preserve life or avoid serious injury. The trial court concluded the warrantless search was justified under the both the emergency doctrine and exigent circumstances doctrine.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review where we afford almost total deference to the trial court's findings of historical fact while applying a *de novo* review to the trial court's application of the law of search and seizure to the facts. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We view the evidence in the light most favorable to the trial court's ruling, so long as its express or implied findings are supported by the record. *Id.* The trial court's ruling will be upheld if it is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Id.* (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)).

A warrantless search of a premises is unreasonable under the Fourth Amendment to the United States Constitution unless it falls within one of the recognized exceptions to the warrant requirement. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). One of these exceptions is the emergency doctrine. *Laney v. State*, 117 S.W.3d 854, 861 (Tex. Crim. App. 2003). This exception applies when the police act in their community caretaking role and is limited to the caretaking functions of protecting or preserving life or avoiding serious injury. *Id.* at 860-61. A warrantless entry and search is justified under the emergency doctrine when the officers reasonably believe a person within is in need of immediate aid. *Id.* at 860. When assessing whether a warrantless search is justified under the emergency doctrine, we apply an objective standard

-4-

based on the police officers' conduct and the facts and circumstances known to the officers at the time of the search. *Id.* at 862. If the doctrine applies, police may seize evidence in plain view during the course of their legitimate emergency activities. *Id.*

Based on the record before us, we conclude the emergency doctrine justified the warrantless entry into the apartment. Officers testified that they went to the apartment where they encountered appellant in response to a 911 call stating a man with a gun entered that apartment and that the caller heard shots fired inside that apartment. When the officers first knocked on the door, no one responded. Appellant answered the door a couple of minutes later and matched the description of the man with the gun provided by the 911 caller. When the officers explained why they were there and asked to enter the apartment to make sure no one was injured or shot inside, appellant tried to shut the door. The officers then pushed the door open and proceeded to check the apartment to make sure no one was injured or shot inside or needed assistance. It was during this check that the officers found the gun and drugs in plain view. One testifying officer continued to emphasize the purpose in entering the apartment was to make sure no one was injured or needed assistance based on the 911 report and appellant's behavior of not answering the door when the police first knocked and then attempted to the shut the door when he asked to enter. Based on these facts, an officer could have reasonably believed entering the apartment was necessary to protect or preserve life or avoid serious injury.

Reviewing the totality of the circumstances in the light most favorable to the support the trial court's judgment, we conclude the trial court did not abuse its discretion in determining the emergency doctrine applied to these facts. Our conclusion that the emergency doctrine supports the trial court's ruling make is unnecessary to address whether the trial court's denial of the motion to suppress can also be upheld based on the exigent circumstances doctrine. We resolve this issue against appellant.

*Thompson*, 2014 WL 7399300, at *2-*3.

"It is well settled law that a claim challenging the admission of evidence at trial

pursuant to an unconstitutional search and seizure is not cognizable in a federal

habeas proceeding if the state has provided the opportunity for a full and fair litigation

of the claim." *Meachum v. Stephens*, Civ. A. No. H-13-0140, 2014 WL 972210, at *8

(S.D. Tex. Mar. 12, 2014) (citing *Stone v. Powell*, 428 U.S. 465, 481-82 (1976)). "The United States Court of Appeals for the Fifth Circuit has held that such a search and seizure claim cannot be reviewed after the petitioner has been provided an opportunity to challenge the search and seizure regardless of whether he has taken advantage of it." *Id.* (citing *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (in turn citing *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978))). "[I]t is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that serves the policies underlying the exclusionary rule and bars federal habeas corpus consideration of claims under *Stone*." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980).

Because "Texas affords a process for criminal defendants to challenge an illegal search and seizure by filing a motion to suppress under Article 28.01 of the Texas Code of Criminal Procedure," *Meachum*, 2014 WL 972210, at *8, and because Thompson's trial counsel filed a motion to suppress, the denial of which Thompson challenged on direct appeal, *see Thompson*, 2014 WL 7399300, at *2-*3, Thompson's "habeas Fourth Amendment[-based challenges are] barred and [should] be dismissed" with prejudice, *Meachum*, 2014 WL 972210, at *8 (citing *Andrews v. Collins*, 21 F.3d 612, 631 (5th Cir.1994) (in turn citing *Stone*, 428 U.S. at 494)). And the Court need not dismiss these non-cognizable claims as unexhausted. *Cf. Jordan v. Windham*, Civ. A. No. 14-2036, 2015 WL 1540407, at *2 (E.D. La. Apr. 6, 2015) ("Generally, review of Fourth Amendment issues, like those raised here, is not appropriate for federal habeas review without some defect in the underlying state procedures related to the review of those

issues. *Stone v. Powell*, 428 U.S. 465 (1976). This normally would give the Court a reason to not deny Jordan's petition without requiring further exhaustion.").

## Recommendation

The Court should deny the application for writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 9, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE